1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11   HILDE HERNANDEZ BERNAL,                  Case No.: 1:25-cv-01887 JLT HBK (HC)
     CARLOS HERRERA GARZON,
12   MOHAMMAD HAROON LATIFI,                  ORDER ADOPTING FINDINGS AND
     NAHOMY ORE AQUIJE, NELSON REY            RECOMMENDATIONS, AND GRANTING
13   PUERTA, and ALEJANDRO TORRES             MOTION FOR PRELIMINARY INJUNCTION
     PALAFOX ,                                IN PART
14
                    Petitioners,              (Docs. 5, 20)
15
16              v.

17   CHRISTOPHER CHESTNUT, et al.,

18                   Respondents.

19          Hilde Hernandez Bernal, Carlos Herrera Garzon, Mohammad Haroon Latifi, Nahomy Ore

20   Aquije, Nelson Rey Puerta, and Alejandro Torres Palafox (collectively, "Petitioners") are

21   immigration detainees in U.S. Immigration Customs and Enforcement custody at the California

22   City Detention Center in California City, California, proceeding with counsel on their joint

23   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). This matter was

24   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule

25   302.

26          On January 27, 2026, the assigned magistrate judge issued findings and recommendations

27   to grant Petitioners' motion for preliminary injunction in part, specifically recommending that

28   Petitioners Bernal, Garzon, Latifi, and Puerta be immediately released and that Petitioners Aquije

                                                   1

and Palafox be provided with substantive parole revocation hearings. (Doc. 20.) On January 27, 2026, Respondents timely filed objections. (Doc. 21.) The objections consist of a single paragraph that (1) generally objects to the findings and recommendations "for the reasons set forth in their previous pleadings," and (2) objects to Petitioners being allowed to "batch together" petitions for writ of habeas corpus as the "Court's different conclusions as to each petitioner are likely to cause confusion in the posture and processing of the case." (*Id.*)

On February 2, 2026, Petitioners filed a response to Respondents' objections, and separate objections to the assigned magistrate's recommendation that Respondents be directed to provide Aquije and Palafox with substantive parole revocation hearings. (Doc. 22; Doc. 20 at 23.) Petitioners argue procedural due process requires Aquije and Palafox to be immediately released and provided with pre-deprivation process. As to Aquije, Petitioners argue that a pre-deprivation hearing is appropriate because the only intervening circumstance cited by Respondent as a violation of the terms of release is a criminal arrest without a charge. (*Id.* at 11-12.) As to Palafox, Petitioners argue "other courts in this district have typically found a pre- and not post-deprivation process necessary to remedy a procedural due process violation where Respondents cite only the noncitizen's failure to comply with electronic monitoring requirements." (*Id.* at 12-14.) Finally, Petitioners argue that immediate release of Aquije and Palafox is warranted because their ongoing detention is in violation of their substantive due process rights, a claim not addressed in the findings and recommendations. (*Id.* at 14-15.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Respondents' merits arguments have been rejected by this Court on numerous occasions, as outlined in the Findings and Recommendations. As to Respondents' procedural objection to the Court considering all six Petitioners' claims in one proceeding, the Court notes that Respondents did not file a motion to sever, nor is the Court aware of any authority precluding it from addressing joined habeas claims. To the contrary, the Court finds joinder of the claims in this case is appropriate as the legal issues substantially overlap and joinder has promoted judicial efficiency. Finally, the Court agrees with

1   the magistrate judge that post-deprivation bond hearings are the appropriate remedies for

2   Petitioners Aquije and Palafox given the record evidence indicating their re-detentions were

3   based upon violations of their release conditions. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-

4   JLT-SKO, 2025 WL 3265446, at *11 (E.D. Cal. Nov. 24, 2025). Thus, the Court **ORDERS**:

5       1.   The findings and recommendations issued on January 27, 2026 (Doc. 20) are

6            **ADOPTED** in full.

7       2.   Petitioners' motion for preliminary injunction (Doc. 5) is **GRANTED in part** as

8            follows:

9            a.   Respondents are directed to **IMMEDIATELY RELEASE** Petitioners Hilde

10               Hernandez Bernal, Carlos Herrera Garzon, Mohammed Haroon Latifi, and

11               Nelson Ray Puerta from DHS custody on the conditions of their prior release

12               from custody.

13           b.   As to Petitioners Nahomy Ore Aquije and Alejandro Torres Palafox:

14               i.   Respondents **SHALL** provide Petitioners a *substantive* parole

15                    revocation hearing **no later than February 19, 2026,** at which the

16                    Immigration Judge will determine whether Petitioner poses a risk of

17                    flight or a danger to the community if he is released.

18               ii.  At any such hearing, the Government **SHALL** bear the burden of

19                    establishing, by clear and convincing evidence, that Petitioner poses a

20                    danger to the community or a risk of flight, and Petitioner **SHALL** be

21                    allowed to have counsel present.

22               iii. If no such hearing is provided by the deadline, or any adjusted deadline

23                    agreed to by the parties, Respondents **SHALL** release Petitioners.

24      3.   Once released, Respondents are **PERMANENTLY ENJOINED AND**

25           **RESTRAINED** from rearresting or re-detaining Petitioners absent compliance

26           with constitutional protections, which include, at a minimum, pre-deprivation

27           notice of at least seven days before a pre-deprivation hearing at which the

28           government will bear the burden of demonstrating by clear and convincing

evidence that they are likely to flee or pose a danger to society if not arrested.[1]

4.    The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in these cases. *See, e.g., Lepe v. Andrews*, 2025 WL 2716910, at *10 (E.D. Cal. Sept. 23, 2025).

5.    Respondents indicate in their objections that they do not request to file any additional briefings on the merits. (Doc. 21). Thus, the Court considers the matter submitted for consideration and refers it to the assigned magistrate judge for consideration of the merits of the petition.

IT IS SO ORDERED.

Dated:    **February 11, 2026**                             *Jennifer L. Thurston*

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.

4