UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDE HERNANDEZ BERNAL, CARLOS HERRERA GARZON, MOHAMMAD HAROON LATIFI, NAHOMY ORE AQUIJE, NELSON REY PUERTA, and ALEJANDRO TORRES PALAFOX, | Case No.  1:25-cv-01887-JLT-HBK (HC) |
| | ORDER APPROVING STIPULATION TO SUBMIT MATTER ON THE RECORD |
| | (Doc. 26) |
| Petitioners, | FINDINGS AND RECOMMENDATIONS TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS [1] |
| v. | |
| CHRISTOPHER CHESTNUT, et al., | (Doc. 1) |
| Respondents. | FOURTEEN (14) DAY OBJECTION PERIOD |

On June 4, 2026, the parties filed a joint stipulation to submit the case on the current pleadings and record.  (Doc. 26).  The Court approves the stipulation and takes the matter under submission on the existing record.

I.      PROCEDURAL BACKGROUND

On December 16, 2025, Petitioners, six immigrant detainees, represented by counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging their detention by ICE.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2025).

(Doc. 1, "Petition").  They allege their detention without a bond hearing violates their substantive and procedural due process rights under the Fifth Amendment; Fourth Amendment; and the Administrative Procedure Act (APA).  (*Id*. at 38-41).  As relief, *inter alia*, Petitioners seek a writ of habeas corpus requiring Respondents to release them from custody.  (*Id*. at 41-42).

On December 19, 2025, Petitioners moved for a motion for preliminary injunction.  (Doc. 5).  On January 27, 2026, the undersigned recommended granting the motion in part, finding Petitioners likely to succeed on their procedural due process claim because the government re-detained then without a pre-deprivation hearing, notwithstanding their protected liberty interests in continued release following conditional parole.  (Doc. 20 at 13-20).  Applying the *Mathews v. Eldridge*[2] factors, the Court concluded that due process required a pre-deprivation hearing.  (*Id*.).

Both Petitioners and Respondents objected.  (Docs. 21, 22).  On February 12, 2026, the district judge adopted the Findings and Recommendations in full and granted the motion for preliminary injunction.  The Court ordered Respondents to: (1) immediately release Petitioners Hilde Hernandez Bernal, Carlos Herrera Garzon, Mohammed Haroon Latifi, and Nelson Ray Puerta on their prior conditions of release; and (2) provide Petitioners Nahomy Ore Aquije and Alejandro Torres Palafox a substantive parole revocation hearing at which an immigration judge to determine flight risk or a danger to the community.  (Doc. 23).  The Court also enjoined Respondents from rearresting or re-detaining Petitioners, once released, absent compliance with constitutional protections, including at least seven days' pre-deprivation notice and a hearing at which the government bears the burden by clear and convincing evidence to show flight risk or danger to society.  (*Id*. at 3-4).  The case was then referred back to the undersigned for disposition on the merits.  (*Id*. at 4).

II.    ANALYSIS

Having reviewed the record and applicable law, the undersigned concludes, for the reasons set out in the January 27, 2026 Findings and Recommendations (Doc. 20) as adopted by the district court 's February 12, 2026 Order (Doc. 23), that Petitioners' re-detention without a

---

[2] 424 U.S. 319, 335 (1976).

2

pre-deprivation hearing violated their procedural due process rights.  (Docs. 20, 23).  This conclusion is consistent with analogous decisions addressing re-detention of noncitizens following conditional release. *See e.g., Espinoza v. Kaiser*, 2025 WL 2581185, at *11 (E.D. Cal. Sept. 5, 2025); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082-1090 (N.D. Cal. Oct. 15, 2025)).  Because Petitioners seek release from or relief from unlawful civil detention, the Court grants the petition under 28 U.S.C. § 2241 and fashions the writ to require either continued release on prior conditions or constitutionally adequate pre-deprivation process, as specified in the permanent injunction.

Accordingly, it is ORDERED:

The joint stipulation to submit this matter on the current pleadings and record (Doc. 26) is APPROVED.

It is further RECOMMENDED that:

1.  The petition for writ of habeas corpus (Doc. 1) be GRANTED and the preliminary injunction entered on February 12, 2026 (Doc. 23) be converted into a permanent injunction implementing the writ, which shall remain in effect.

2.  The case be CLOSED.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

3

waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:    June 11, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4